J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven*
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
*Staff Attorney at Righthaven*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company, | Case No.: 2:10-cv-01511 |
| | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Plaintiff, | |
| v. | |
| SHARRON ANGLE, an individual, | |
| Defendant. | |

Righthaven LLC ("Righthaven") complains as follows against Sharron Angle ("Ms. Angle"), on information and belief:

## NATURE OF ACTION

1.     This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

## PARTIES

2.     Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

1

3.     Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4.     Ms. Angle is, and has been at all times relevant to this lawsuit, a resident of Nevada.

5.     Ms. Angle is, and has been at all times relevant to this lawsuit, a candidate for United States Senator for the State of Nevada.

6.     Ms. Angle is, and has been at all times relevant to this lawsuit, identified by the current registrar, Namesecure.com ("Namesecure"), as the registrant and administrative contact for the Internet domain found at <sharronangle.com> (the "Domain"; the content accessible through the Domain and the Domain itself known herein as the " Website").

## JURISDICTION

7.     This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

8.     Righthaven is the owner of the copyright in and to the literary work entitled: "It's the jobs, stupid" (the "Jobs Work"), attached hereto as Exhibit 1.

9.     At all times relevant to this lawsuit, the Jobs Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

10.     Ms. Angle willfully copied, on an unauthorized basis, the Jobs Work from a source emanating from Nevada.

11.     On or about July 21, 2010, Ms. Angle displayed, and continues to display an unauthorized reproduction of the Jobs Work (the "Jobs Infringement"), attached hereto as Exhibit 2, on the Website.

12.     At all times relevant to this lawsuit, the Jobs Infringement has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

13.     The subject matter, at least in part, of the Jobs Work and the Jobs Infringement, is the effect of the national economic policy on the economy and the unemployment rate in Nevada.

14.     At all times relevant to this lawsuit, Ms. Angle knew that the Jobs Work was originally published in the Las Vegas *Review-Journal*.

15.     At all times relevant to this lawsuit, Ms. Angle knew that the Jobs Infringement was and is of specific interest to Nevada residents.

16.     Ms. Angle's display of the Jobs Infringement was and is purposefully directed at Nevada residents.

17.     Righthaven is the owner of the copyright in and to the literary work entitled: "Angle: Reid's clout misguided.  Challenger describes what junior senators can do" (the "Clout Work"; collectively with the Jobs Work known herein as the "Works"), attached hereto as Exhibit 3.

18.     At all times relevant to this lawsuit, the Clout Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

19.     Ms. Angle willfully copied, on an unauthorized basis, the Clout Work from a source emanating from Nevada.

20.     On or about August 3, 2010, Ms. Angle displayed, and continues to display an unauthorized reproduction of the Clout Work (the "Clout Infringement"; collectively with the Jobs Infringement known herein as the "Infringements"), attached hereto as Exhibit 4, on the Website.

21.     At all times relevant to this lawsuit, the Clout Infringement has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

22.     The subject matter, at least in part, of the Clout Work and the Clout Infringement, is the goals of Sharon Angle as a newly elected United States Senator for the state of Nevada.

23.     At all times relevant to this lawsuit, Ms. Angle knew that the Clout Work was originally published in the Las Vegas *Review-Journal*.

24.     At all times relevant to this lawsuit, Ms. Angle knew that the Clout Infringement was and is of specific interest to Nevada residents.

25.     Ms. Angle's display of the Clout Infringement was and is purposefully directed at Nevada residents.

3

**VENUE**

26.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(1), because Ms. Angle is a resident of Nevada.

27.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

28.     The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1400(a), because Ms. Angle is subject to personal jurisdiction in Nevada.

**FACTS**

29.     The Works constitute copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

30.     Righthaven is the owner of the copyright in and to the Jobs Work.

31.     The Jobs Work was originally published on July 21, 2010.

32.     On September 3, 2010, the United State Copyright Office (the "USCO") received Righthaven's official submittal for the registration of the Jobs Work including the application, the deposit copy, and the registration fee, Service Request No. 1-481710038, attached hereto as Exhibit 5.

33.     On or about July 21, 2010, Ms. Angle displayed, and continues to display, the Jobs Infringement on the Website.

34.     Righthaven is the owner of the copyright in and to the Clout Work.

35.     The Clout Work was originally published on August 3, 2010.

36.     On September 3, 2010, the United State Copyright Office (the "USCO") received Righthaven's official submittal for the registration of the Clout Work including the application, the deposit copy, and the registration fee, Service Request No. 1-481710012, attached hereto as Exhibit 6.

37.     On or about August 3, 2010, Ms. Angle displayed, and continues to display, the Clout Infringement on the Website.

38.     Ms. Angle did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Works.

39.     Ms. Angle was not granted permission, in any manner, to reproduce, display, or otherwise exploit the Works.

## FIRST CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT OF THE JOBS WORK

40.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 39 above.

41.     Righthaven holds the exclusive right to reproduce the Jobs Work, pursuant to 17 U.S.C. § 106(1).

42.     Righthaven holds the exclusive right to prepare derivative works based upon the Jobs Work, pursuant to 17 U.S.C. § 106(2).

43.     Righthaven holds the exclusive right to distribute copies of the Jobs Work, pursuant to 17 U.S.C. § 106(3).

44.     Righthaven holds the exclusive right to publicly display the Jobs Work, pursuant to 17 U.S.C. § 106(5).

45.     Ms. Angle reproduced the Jobs Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

46.     Ms. Angle created an unauthorized derivative of the Jobs Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

47.     Ms. Angle distributed, and continues to distribute, an unauthorized reproduction of the Jobs Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

48.     Ms. Angle publicly displayed, and continues to publically display, an unauthorized reproduction of the Jobs Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

49.     Ms. Angle has willfully engaged in the copyright infringement of the Jobs Work.

50.     Ms. Angle's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

51.     Unless Ms. Angle is preliminarily and permanently enjoined from further infringement of the Jobs Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Jobs Work, pursuant to 17 U.S.C. § 502.

## SECOND CLAIM FOR RELIEF: COPYRIGHT
## INFRINGEMENT OF THE CLOUT WORK

52.     Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 51 above.

53.     Righthaven holds the exclusive right to reproduce the Clout Work, pursuant to 17 U.S.C. § 106(1).

54.     Righthaven holds the exclusive right to prepare derivative works based upon the Clout Work, pursuant to 17 U.S.C. § 106(2).

55.     Righthaven holds the exclusive right to distribute copies of the Clout Work, pursuant to 17 U.S.C. § 106(3).

56.     Righthaven holds the exclusive right to publicly display the Clout Work, pursuant to 17 U.S.C. § 106(5).

57.     Ms. Angle reproduced the Clout Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

58.     Ms. Angle created an unauthorized derivative of the Clout Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

59.     Ms. Angle distributed, and continues to distribute, an unauthorized reproduction of the Clout Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

60.     Ms. Angle publicly displayed, and continues to publically display, an unauthorized reproduction of the Clout Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

61.     Ms. Angle has willfully engaged in the copyright infringement of the Clout Work.

62.     Ms. Angle's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

63.     Unless Ms. Angle is preliminarily and permanently enjoined from further infringement of the Clout Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Clout Work, pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1.     Preliminarily and permanently enjoin and restrain Ms. Angle, and Ms. Angle's agents, servants, employees, attorneys, related companies, partners, and all persons acting for, by, with, through, or under Ms. Angle, from directly or indirectly infringing the Works by reproducing the Works, preparing derivative works based on the Works, distributing the Works to the public, and/or displaying the Works, or ordering, directing, participating in, or assisting in any such activity;

2.     Direct Ms. Angle to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

     a.     All evidence and documentation relating in any way to Ms. Angle's use of the Works, in any form, including, without limitation, all such evidence and documentation relating to the Website;

b.      All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom Ms. Angle has communicated regarding Ms. Angle's use of the Works; and

c.      All financial evidence and documentation relating to Ms. Angle's use of the Works;

3.      Direct the current domain name registrar, Namesecure, and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4.      Award Righthaven statutory damages for the willful infringement of the Works, pursuant to 17 U.S.C. § 504(c);

5.      Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6.      Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7.      Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this third day of September, 2010.


RIGHTHAVEN LLC


By: /s/ J. Charles Coons
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff